# IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **TERRY QUATTLEBAUM,** | * |
| **Plaintiff,** | * |
|  | * |
| **v.** | * |
|  | *    **Case No. DLB-19-3258** |
| **ANDREW SAUL,** | * |
| **Defendant.** | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On November 11, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF 1.  I have considered the parties' cross-motions for summary judgment and plaintiff's response.  ECF 16 ("Pl.'s Mot."), ECF 18 ("Def.'s Mot."), ECF 19 ("Pl.'s Resp.").  I find no hearing necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  Because I agree with the Commissioner that substantial evidence supported the ALJ's findings, the ALJ did not abuse his discretion, and the ALJ applied correct legal standards, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

### I.        Background

Plaintiff applied for Disability Insurance Benefits on April 10, 2015.  Tr. 147-50.  The SSA denied his claim initially and on reconsideration.  Tr. 141-46, 124.  On December 14, 2015, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  Tr. 125-26.  The SSA scheduled the hearing for March 12, 2018.  Tr. 120.  Plaintiff failed to appear at the hearing, and the ALJ consequently dismissed plaintiff's hearing request on March 16, 2018.  Tr. 18-22.  In

August and November 2018, plaintiff communicated to the SSA potential good cause for his absence at the hearing. Tr. 78-79, 83. On February 7, 2019, the Appeals Council remanded plaintiff's case to the ALJ with instructions to consider whether good cause excused plaintiff's failure to appear at his hearing. Tr. 18-20. The ALJ found plaintiff's absence without good cause on April 30, 2019, and again dismissed plaintiff's hearing request. Tr. 6-14. The Appeals Council denied plaintiff's request for review of the ALJ's decision and plaintiff's subsequent request to reopen his claim. Tr. 3-4, 1-2. On November 12, 2019, plaintiff appealed the SSA's decision. ECF 1.

## II. Jurisdiction

Congress vested federal courts with jurisdiction over "any final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g). The Supreme Court interprets § 405(g)'s finality requirement to consist "of two elements, only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).

Plaintiff's application for benefits satisfies the nonwaivable element. *See, e.g.*, *Weinberger v. Salfi*, 422 U.S. 749, 763 (1975) (finding § 405(g) conferred no jurisdiction over unnamed class members, none of whom the complaint alleged filed applications for benefits, but did confer subject matter jurisdiction over the named plaintiffs, who applied for and were denied SSA benefits).

As to the waivable element requiring plaintiff obtain a final decision from the agency subsequent to a hearing, the parties disagree. Plaintiff argues he "exhausted all remedies provided under Title II of the Social Security Act . . . and its administrative appeal system." Pl.'s Mot. at 3. The Commissioner, citing developments in the Supreme Court's recent interpretation of § 405(g)—*Smith v. Berryhill*, 139 S. Ct. 1765 (2019)—declines to argue whether plaintiff appeals a final agency action after a hearing. Def.'s Mot. at 2-3. Instead, the Commissioner elects "not to invoke § 405(g) as a potential bar to judicial review and [accepts] the Court's authority to review the ALJ's dismissal of [p]laintiff's hearing request," reserving the right to change its position in future cases. Def.'s Mot. at 3.

This Court previously declined to review appeals from SSA decisions dismissing plaintiffs' hearing requests for failures to appear as beyond the court's subject matter jurisdiction. *See, e.g.*, *Helmlinger v. Cmm'r of Sec. Sec. Admin.*, No. SAG 18-666, 2018 WL 3375101 (D. Md. July 11, 2018) (citing *Adams v. Heckler*, 799 F.2d 131 (4th Cir. 1986) (holding an Appeals Council decision dismissing the plaintiff's appeal for untimeliness does not render the underlying decision on the merits subject to judicial review)); *see also, e.g.*, *Murray v. Cmm'r of Soc. Sec. Admin.*, No. GLR 18-438, 2018 WL 3388383 (D. Md. July 12, 2018). The Supreme Court recently abrogated *Adams* in *Smith*. 139 S. Ct. at 1780 (holding that "where the SSA's Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a 'final decision … made after a hearing' within the meaning of § 405(g)"). *Smith* potentially—but not necessarily—raises jurisdictional issues as to the waivable jurisdictional requirement in this case. *See Smith*, 139 S. Ct. 1777 n.17 ("A different question would be presented by a claimant who assertedly faltered at an earlier step—*e.g.*, whose request for an ALJ hearing was dismissed as untimely and who then appealed that determination to the

3

Appeals Council before seeking judicial review.  While such a claimant would not have received a 'hearing' at all, the court's precedents also make clear that a hearing is not always required.") (internal citation omitted).  However, because the Commissioner waives the exhaustion requirement, this Court declines to decide whether the agency's dismissal constitutes the final action after a hearing contemplated by § 405(g).

### III.     Scope of Review

The parties disagree substantially about the proper scope of review.  Because I agree with the Commissioner that the procedural ground on which the SSA dismissed plaintiff's claim supplies the agency decision appropriately before the Court, I decline to reach the merits of plaintiff's disability claim.

Plaintiff raises numerous arguments attacking several aspects of the administrative process. Plaintiff primarily argues various points on the merits of his disability claim.  Pl.'s Mot. at 14-18; Pl.'s Resp. at 2-5.  Plaintiff also challenges the ALJ's dismissal for his failure to appear without good cause, referring to the ALJ's initial denial, the Appeals Council's remand, and the ALJ's denial on remand.  Pl.'s Mot. at 18-22; Pl.'s Resp. at 3-5.  In his response, however, plaintiff also writes, "The Administrative Law Judge['s] Order of Dismissal [T. 8-14] . . . is not the issue before the Court."  Pl.'s Resp. at 2.  Plaintiff additionally raises a deference argument as to the agency's interpretation of its regulations.  Pl.'s Mot. at 13-14.  Specifically, plaintiff argues the February 7, 2019 Appeals Council remand constituted a finding of good cause for his absence at his hearing, and the SSA's subsequent failure to award him a hearing on the merits amounts to the SSA's improper administration of its disability determination process.  *Id.*; *see* Tr. 15-17.  Finally, plaintiff argues the ALJ was biased in dismissing his case and that the SSA failed to follow proper protocol after he filed a complaint against the ALJ.  Pl.'s Resp. at 5.

The Commissioner argues because plaintiff never obtained a final decision on the merits of his disability claim, the merits of the disability claim fall outside the scope of review.  Def.'s Mot. at 6-7.  The Court should, according to the Commissioner, "limit its review to the procedural grounds on which the Commissioner dismissed [plaintiff's] request for a hearing."  Def.'s Mot. at 7.

The parties in *Smith* likewise disputed the scope of review.  The plaintiff argued the court could review the merits if it reversed the procedural decision, while the government argued for review confined to the procedural ground on which the SSA based the dismissal in either case.  *Smith*, 139 S. Ct. at 1779.  The Court first noted § 405(g) conferred jurisdiction to consider the merits by virtue of the non-jurisdictional nature and expansive language of the statute, which empowers the Court to affirm, modify, or reverse the SSA's decision.  *Id.*  The Court nonetheless declined to hear the merits of Smith's claim, observing that "[f]undamental principles of administrative law . . . teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a change to address the question."  *Id.* (internal citations omitted).  After noting the Court's precedent confirmed the prudence of applying that general administrative principle in *Smith*, the Court instructed that "in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance."  *Id.* at 1779-80.

Applying *Smith*'s guidance to the facts of plaintiff's case, I agree with the Commissioner and confine my review to the finding that plaintiff failed to demonstrate good cause for his failure to appear at his hearing.  I note also that the ALJ in *Smith* heard the merits of the plaintiff's disability claim.  139 S. Ct. at 1773.  The Court's observation that "the agency's final

decisionmaker [had] not had a chance to address the merits [of Smith's] claim at all" thus referenced the Appeals Council's refusal to review the ALJ's decision and not the total absence of a decision on the merits. *Id.* at 1779. Even under such circumstances, the Court declined to instruct the lower court to review the merits of the plaintiff's claim on remand. *Id.* at 1780. Here, neither the ALJ nor the Appeals Council heard the merits of plaintiff's disability claim. This Court's consideration of a question "the agency has not first had the chance to address" would therefore be especially inappropriate. *Id.* at 1779. Accordingly, I confine my review to the decision to dismiss plaintiff's request for hearing after finding plaintiff did not demonstrate good cause excused his absence.

## IV.    Standard of Review

The parties disagree as to the appropriate standard of review. *See* Pl.'s Mot. at 9 (arguing for *de novo* review of his Social Security disability claim); *see also* Def.'s Mot. at 3-4 (arguing for review confined to abuse of discretion as to the overall conclusion and substantial evidence as to any fact); Pl.'s Resp. at 2-3 (arguing for *de novo* review or, in the alternative, arbitrary and capricious review as to the SSA's failure to follow laws and procedure and substantial evidence review as to its decision to deny plaintiff benefits).

In *Smith*, the Court set forth the appropriate standard of review as to the SSA's conclusions and factual findings in procedural dismissals. The Court wrote, "The parties agree, as do we, on the standard of review: abuse of discretion as to the overall conclusion, and substantial evidence as to any fact." 139 S. Ct. at 1779 n.19 (citing 42 U.S.C. § 405(g)) (internal quotation marks omitted). Further, 42 U.S.C. § 405(g) instructs that the Court may review agency factfinding for compliance with the regulations. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive, and where…a

decision is rendered under subsection (b) of [§ 405] which is adverse to an individual who was a party before the Commissioner[,]…the court shall review only the question of conformity with [the] regulations and the validity of [the] regulations.").  Accordingly, I disagree with plaintiff that de novo review is appropriate and confine my review to whether the SSA employed correct legal standards, made findings supported by substantial evidence, and abused its discretion in dismissing plaintiff's request for hearing  *Smith*, 139 S. Ct. at 1779 n.17; 42 U.S.C. § 405(g); 20 C.F.R. § 404.957; *see, e.g.*, *Haynes v. Apfel*, 205 F.3d 1346, *2 (8th Cir. 2000) ("The ALJ found that Haynes had not provided good cause for failing to appear at the schedule hearing…, and thus the ALJ had the discretion to dismiss Haynes's request for a hearing.") (unpublished table decision).

### V.     Analysis

#### A. The Fourth Circuit has not established the authority of the Hearings, Appeals and Litigation Law manual.

Both plaintiff and the Commissioner reference the Hearings, Appeals and Litigation Law ("HALLEX") manual as a source of legal authority relevant to plaintiff's appeal.  *See, e.g.*, Pl.'s Mot. at 7; Def.'s Mot. at 9-10.  Neither party argues to what extent the HALLEX manual constitutes legally binding authority.  See Pl.'s Mot.; Def's Mot.; Pl.'s Resp.  The Court has found no mandatory precedent establishing the HALLEX manual's legal effect.  Courts of Appeals deciding the question have reached conflicting conclusions.  *Compare Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008) (observing that the HALLEX manual "is strictly an internal Agency manual, with no binding legal effect on the Administration or [the] court,…[and is] entitled to respect under" *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944),…to the extent it has the 'power to persuade.'") (citing *Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000) (internal citation omitted) (internal quotation marks omitted), *with Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000) (holding that though the HALLEX manual is not legally binding, the SSA's failure to follow it

causes prejudice and, consequently, reversible error); *Way v. Astrue*, 789 F. Supp. 2d 652, 665-66 (D.S.C. Apr. 27, 2011) (adopting the Fifth Circuit's approach after noting the Fourth Circuit has been silent on the legal effect of the HALLEX manual).

Plaintiff references several sections of the HALLEX manual with which the SSA, he argues, failed to comply.[1]  Plaintiff has cited only one HALLEX provision relevant to this appeal with which the SSA did not comply—HALLEX I-4-2-10(D).  The SSA's failure to comply, as discussed below, is harmless.  Because none of the HALLEX provisions cited by plaintiff could affect the outcome of this appeal, this Court declines to decide the legal effect of the HALLEX manual.

### B.  The Appeals Council remand order did not entitle plaintiff to a hearing on the merits.

A plaintiff denied benefits initially and on reconsideration may request a hearing before an ALJ.  20 C.F.R. § 404.900(a)(3).  A plaintiff's entitlement to move through the entire administrative review process, however, is not absolute.  For example, a plaintiff dissatisfied by an agency decision must "take the next step within the stated time period."  20 C.F.R. § 404.900(b).  Consequently, a plaintiff forfeits his right to review with an untimely request made without good cause.  *Id.*  Further, even a timely request for hearing may be dismissed where the plaintiff fails to appear at his hearing without good cause.  20 C.F.R. § 404.957(b).

---

[1] *See, e.g.*, Pl.'s Mot at 5 (citing HALLEX I-4-2-65), at 5 (citing HALLEX I-4-2-10), at 7 (citing HALLEX I-2-6-56), at 7, 8, 18, 20 (citing HALLEX I-2-4-25), at 8 (citing HALLEX I-1-8-4), at 8 (citing HALLEX I-3-2-25), at 11 (citing HALLEX I-2-1-60), at 12 (citing HALLEX I-3-3-2), at 12 (citing HALLEX I-1-8-7),  at 12 (citing HALLEX I-1-8-10), at 20 (citing HALLEX I-5-3-30); Pl.'s Resp. at 2 (citing HALLEX I-2-4-25), at 4 (citing HALLEX I-3-3-4).  This Court's limited scope of review renders some of plaintiff's citations irrelevant, including HALLEX I-4-2-65 (Exhibit – Standard Certification Form), HALLEX I-5-3-30 (Revisions to Rules Regarding the Evaluation of Medical Evidence), HALLEX I-2-6-56 (Adducing the Evidence), and HALLEX I-3-3-4 (Administrative Law Judge's Action, Findings, or Conclusions Not Supported by Substantial Evidence).

Plaintiff argues the SSA incorrectly interpreted its governing regulations in failing to hear the merits of his disability claim after the Appeals Council remanded on February 7, 2019. *See* Pl.'s Mot. at 13-14, 18-19; Pl.'s Resp. at 5. Plaintiff touches upon concerns of judicial deference, citing *National Wildlife Federation v. National Marine Fisheries Service*, 524 F.3d 917, 931 (9th Cir. 2008). *See* Pl.'s Mot. at 13. He essentially argues the SSA's actions failed to conform to the regulations. *See id.* The Commissioner disagrees, arguing plaintiff misunderstands the Appeals Council order. *See* Def.'s Mot. at 8. I agree with the Commissioner that the notice did not entitle plaintiff to a hearing on the merits. Tr. 15-17.

On February 7, 2019, the Appeals Council remanded plaintiff's claim to the ALJ. Tr. 16-17. The Appeals Council noted plaintiff's untimely request for review of the ALJ's dismissal. Tr. 16. The record confirms that plaintiff untimely requested review. The ALJ's initial dismissal, dated March 16, 2018, notified plaintiff of a 65-day period in which he could request review of the dismissal. Tr. 20-22; *see* 20 C.F.R. § 404.968(a)(1). Plaintiff communicated potential good cause excusing his failure to appear at his hearing in two letters, one from August 2018 and the other from November 2018. Tr. 78-79, 83. Neither letter arrived within 65 days of March 16, 2018. *See* Tr. 78-79, 83. The Appeals Council nonetheless considered plaintiff's request to review the dismissal pursuant to 20 C.F.R. § 404.911, a regulation which, though speaking directly to decisions on reconsideration, is specifically incorporated by the regulations establishing standards for Appeals Council review. Tr. 16; 20 C.F.R. § 404.968(b). Section 404.911, "Good cause for missing the deadline to request review," sets forth factors the SSA considers in determining whether good cause justified a claimant's failure to timely *request review*. Thus, the Appeals Council found plaintiff established good cause for an untimely request of review—not for his failure to appear at his hearing.

As to plaintiff's missed hearing, the Appeals Council found plaintiff produced "new and material evidence relevant to the period" during which plaintiff failed to appear.   Tr. 16. Accordingly, the Appeals Council vacated the ALJ's original dismissal and remanded the case for further proceedings:

> [T]he Administrative Law Judge should consider additional information to decide if the claimant had a good reason for not appearing at the hearing. If the Administrative Law Judge finds that the claimant had a good reason, the claimant will be given another opportunity for a hearing.

Tr. 16.  Plaintiff's entitlement to a hearing on the merits thus depended upon the ALJ's finding of good cause for his failure to appear at the March 12, 2018 hearing.  The ALJ did not find good cause.  Accordingly, the SSA did not err in failing to hear the merits of plaintiff's disability claim after the February 7, 2019 remand order.

### C.   The ALJ applied correct legal standards, made findings supported by substantial evidence, and did not abuse his discretion.

The Commissioner's findings as to any fact, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high….[Substantial evidence] means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."   *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted) (internal quotation marks omitted).  The inquiry is therefore not whether I agree with the SSA's findings but whether "more than a mere scintilla" of evidence supports them.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Moreover, if neither a claimant nor his representative attends a disability hearing the claimant requested, the SSA may dismiss the request for hearing without further notice.  20 C.F.R. § 404.957.  A claimant may evade dismissal in certain circumstances by demonstrating good cause

excused his failure to appear. *Id.* at § 404.957(b)(1).  To determine whether good cause excused a claimant's absence, the SSA "will consider any physical, mental, educational or linguistic limitations" the claimant may have.  *Id.* at § 404.957(b)(2).

Plaintiff offered two general bases for good cause for his failure to appear at the hearing on March 16, 2018.  First, plaintiff argued he moved from the Greenbelt, Maryland, address to which the SSA sent the notice of hearing.  Second, plaintiff argued the death of his mother on October 26, 2017, prevented his appearance at the hearing.

As to plaintiff's argument that he moved from his address of record before the SSA's mailing of his hearing notice, the ALJ thoroughly discussed the evidence of record suggesting plaintiff remained affiliated with the Greenbelt residence.  Tr. 10-12.  The record contains evidence plaintiff purchased a property in Accokeek, Maryland, in October 2017.  Tr. 10-11, 86-87.  The ALJ found, however, that rather than completely move from Greenbelt to Accokeek, plaintiff in fact maintained at least two residences.  Tr. 11-12.  The ALJ cited for support several documents in the record indicating plaintiff continued to receive mail at or affiliate himself with the Greenbelt address.  For example, plaintiff attached to a letter he wrote to the ALJ a January 5, 2018 legal document listing the Greenbelt address as his own.  Tr. 11, 90-93.  Significantly, the record indicated plaintiff also reported—under penalty of perjury—the Greenbelt address as his own on February 11, 2019, nearly a year after he missed his hearing.  Tr. 12, 69-70.  The ALJ also noted that none of the mailings sent to the Greenbelt address were returned as undeliverable.  Tr. 11. Accordingly, I agree with the Commissioner that substantial evidence supported the ALJ's finding that plaintiff's move did not excuse his failure to appear at his hearing.

As to plaintiff's argument that the passing of his mother prevented his appearance at his hearing, the ALJ found plaintiff's mother passed away five months before the hearing was to take

11

place.  Tr. 13.  In support of his argument, plaintiff submitted a death benefit claim letter dated March 16, 2018, or four days after his hearing.  Tr. 12, 85.  The ALJ found that though the claim letter arrived near the date of the hearing, plaintiff's mother passed on October 26, 2017, citing as evidence a letter plaintiff submitted to the Appeals Council setting out his reasons for missing the hearing.  Tr. 13, 76.  The ALJ rejected plaintiff's arguments that he was busy with services and other family matters because plaintiff did not specify when those matters took place and what they were, noting plaintiff bears the burden of proof with respect to the existence of good cause.  Tr. 12-13.  Thus, substantial evidence supported the ALJ's finding that plaintiff's failure to appear at the hearing was not excused by the passing of plaintiff's mother.

Plaintiff also argues the SSA erred in failing to comply with HALLEX I-2-4-25, "Dismissal Due to Claimant's Failure to Appear."  Plaintiff argues the ALJ improperly disregarded HALLEX I-2-4-25(C)(1)(b), which provides that while "[t]here are no set criteria for determining what constitutes good cause for failure to appear at the time and place of a scheduled hearing[,]…[g]ood cause for failing to appear at the schedule time and place of hearing generally exists when an unforeseeable event occurred that did not provide the claimant…enough time to notify the ALJ and request a postponement before the scheduled hearing."

Assuming without deciding the ALJ was required to follow the HALLEX manual, plaintiff's argument that the ALJ did not follow the terms of I-2-4-25 is incorrect.  The Court acknowledges the grief plaintiff, whose mother unexpectedly passed, must have been experiencing in the months before his hearing.  *See* Tr. 76.  Yet, the terms of HALLEX I-2-4-25(C)(1)(b) clearly contemplate an unforeseeable event much temporally closer than October 26, 2017, and March 12, 2018.  That section specifically names as a possible ground for good cause an unforeseeable event "that did not provide . . . enough time to notify the ALJ and request a postponement before the

scheduled hearing." Though the Court understands that plaintiff's grief and related responsibilities may have served as a barrier to his requesting a postponement of his hearing, the language of that provision does not seem to cover plaintiff's situation. Separately, the plain language of that provision makes clear that, even if the two events had been closer in time, "no set criteria for determining what constitutes good cause" exist. Thus, while such a finding by the ALJ would lead to the conclusion that "generally good cause" existed, the ALJ would not be required to find the existence of good cause based on HALLEX I-2-4-25(C)(1)(b).

Beyond the arguments presented by plaintiff, the ALJ additionally considered the factors set forth in 20 C.F.R. § 404.957(b)(2). Tr. 14. The ALJ found plaintiff presented no evidence of educational, language, mental, or other limitations that would have prevented his appearance at the hearing. Tr. 14. The ALJ acknowledged plaintiff's health issues but found they did not prevent his appearance at the hearing. Tr. 14. Further, at no point in his appeal process did plaintiff himself argue disability excused his failure to appear at his hearing.

Substantial evidence review does not allow the Court to substitute its judgment for that of the ALJ, even where evidence in the record would permit a reasonable factfinder to come to a different conclusion. *See Hays*, 907 F.2d at 1456. Here, the ALJ considered the record and found plaintiff did not demonstrate good cause for his failure to appear at the hearing. The ALJ cited to specific, substantial evidence supporting his finding. Because "[t]he findings of the Commissioner…as to any fact, if supported by substantial evidence, shall be conclusive," remand is not warranted. 42 U.S.C. § 405(g).

Plaintiff also argues the ALJ's dismissal constitutes an abuse of discretion. "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because

13

it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) (internal citation omitted).  In the context of this appeal, an ALJ can find the existence of good cause—or not—as long as substantial evidence supports his finding.  42 U.S.C. § 405(g); 20 C.F.R. § 404.957.  And, upon finding a failure to appear without good cause, an ALJ has the discretion to dismiss a request for hearing.  20 C.F.R. § 404.957; *see Haynes*, 205 F.3d at *2.

Plaintiff argues the ALJ abused his discretion because—according to plaintiff—the ALJ must exercise administrative authority in accordance with the law and "must be able to demonstrate that there is a legitimate reason to believe the facts presented by [p]laintiff are not true."  Pl.'s Mot. at 18.

Even if the ALJ was required, as plaintiff argues, to demonstrate a reason not to believe the facts as presented by plaintiff were true, here that responsibility has no bearing.  The ALJ did not find the facts presented by plaintiff were untrue.  Rather, the ALJ found that though plaintiff did move, he also maintained the second address.  Tr. 10-12.  Additionally, the ALJ found that though plaintiff did experience a personal loss, the loss occurred approximately five months before his missed hearing.  Tr. 12-13.  As to plaintiff's other allegations that seeing to his familial affairs prevented his appearance at his hearing, the ALJ found that plaintiff did not substantiate that claim with evidence of his activities on or near the hearing date, as plaintiff was required to do as the party bearing the burden of proof.  Tr. 12-14.  Thus, the ALJ simply disagreed with plaintiff that the facts plaintiff presented and substantiated constituted good cause for his failure to appear at his hearing.

The ALJ complied with the relevant law in making findings supported by substantial evidence.  Because substantial evidence supported his finding that plaintiff did not demonstrate

good cause for his failure to appear, the ALJ held the discretion to dismiss plaintiff's request for hearing.  Thus, the dismissal complied with the appropriate rules and regulations, and the ALJ's dismissal did not constitute an abuse of discretion.

> **D. The record does not support plaintiff's argument that bias infected the ALJ's dismissal of his request for hearing.**

Plaintiff makes several allegations of bias against the ALJ.  *See, e.g.*, Pl.'s Mot. at 11-12, 18, 20; Pl.'s Resp. at 5.  The Commissioner argues plaintiff makes "unfounded allegation[s]" of bias and that, even were plaintiff's allegations based on provable fact, the allegations do not meet the high threshold for establishing bias.  Def.'s Mot. at 11-12.

The Fourth Circuit has not specifically set out the standard for establishing bias of an ALJ presiding over a Social Security hearing.  The Supreme Court has addressed the standard for establishing bias against "hearing officers" in the related context of Medicare determinations under Title XVIII of the Social Security Act.  *See Schweiker v. McClure*, 456 U.S. 188, 189 (1982).  There, the Court noted the hearing officers served "in a quasi-judicial capacity, similar in many respects to that of administrative law judges."  *Schweiker*, 456 U.S. at 195. The Court wrote that while "due process demands impartiality on the part of those who function in judicial or quasi-judicial capacities[,] . . . [the Court] must start from the presumption that the hearing officers . . . are unbiased."  *Id.* (citing *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242-243 n.2 (1980); *Withrow v. Larkin*, 421 U.S. 35, 47 (1975); *United States v. Morgan*, 313 U.S. 409, 421 (1941)).  "This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification[,] . . . [b]ut the burden of establishing a disqualifying interest rests on the party making the assertion."  *Schweiker*, 456 U.S. at 195.

The Fourth Circuit has observed in cases outside the Social Security context that "[t]o be disqualifying, personal bias must stem from a source other than knowledge a decision maker

acquires from participating in a case." *Bowens v. North Carolina Dep't of Human Resources*, 710 F.2d 1015, 2010 (4th Cir. 1983). Thus, where a plaintiff did not make "any showing of bias stemming from sources outside the decisional process," the Court found the presumption that the administrative decisionmakers are unbiased had not been overcome. *Morris v. City of Danville, Virginia*, 744 F.2d 1041, 1044-45 (4th Cir. 1984) (holding an administrative officer did not cease "to be an impartial decisionmaker simply by virtue of having made a conditional decision to terminate [the plaintiff] pending further developments in an administrative process [that] had not then closed"). Other District Courts in the Fourth Circuit have applied the reasoning of *Bowens* and *Morris* to Social Security cases. *See, e.g.*, *Warren v. Colvin*, No. 4:14-cv-02517-JMC, 2015 WL 5673118 (D.S.C. Sept. 25, 2015) (finding the plaintiff failed to meet the heavy burden of proof in establishing an ALJ's bias though an ALJ made an adverse credibility finding as to and issued an unfavorable decision to the plaintiff); *Nichols v. Colvin*, No. 1:14CV536, 2015 WL 4656484 (M.D.N.C. Aug. 5, 2015) (finding the plaintiff failed to overcome the presumption that the ALJ was unbiased where "[a]ny 'expressions of impatient, dissatisfaction, annoyance, [or] even anger,' demonstrated by the ALJ during the evidentiary hearing were 'within the bounds of what imperfect men and women…sometimes display' and do not establish bias") (citing *Liteky v. United States*, 510 U.S. 540, 555-56 (1994)); *McAuley v. Colvin*, No. 7:12-CV-311-D, 2013 WL 7098724 (E.D.N.C. Dec. 12, 2013) (finding the ALJ's impolite, impatient, and intemperate remarks did not deprive the plaintiff of a fair hearing).

Plaintiff argues several statements in the ALJ's decision evidence the ALJ's bias against him. He claims the ALJ's statement that "the evidence is contradictory at best" evidences the ALJ's bias because the ALJ is not a physician. Pls.' Resp. at 5. Plaintiff also argues:

> [The] ALJ['s] personal morality appears misplaced, [as he stated,] "[S]ome believe any cause is good cause and that any explanation should be accepted as good

cause….[S]uch belief undermines the rule and dilutes good cause to the point where
it is meaningless….[T]here is no good cause for the claimant's failure to appear at
the time and place of hearing," and finally [that] "there is no evidence of mental or
other limitations, which would have prevented him from appearing[.]"  [I]f this is
not sufficient evidence of bias and prejudice, what is, when [the] ALJ knows, or
should know there's no set criteria for determining what constitutes good cause for
failure to appear at the time and place pursuant to HALLEX I-2-4-25 . . . .

Pl.'s Mot. at 20 (internal citations omitted); *see* Pl.'s Resp. at 5.

Plaintiff further argues that 20 C.F.R. § 404.940 required the ALJ to recuse himself as "he

is prejudiced or partial with respect to any party or has any interest in the matter pending for

decision evident by his personal admission in his order of dismissal dated April 30, 2019."  Pl.'s

Mot. at 11.  Plaintiff additionally argues the ALJ's "conclusory statements outlined involve . . .

personal bias, prejudice (beliefs) and [the ALJ's being] uninformed about the circumstances of

[p]laintiff['s] real property litigation."  Pl.'s Mot. at 11.  Plaintiff also argues the "ALJ opinion

regarding the passing of [p]laintiff's [m]other is [the] worst example of a [j]udge, expos[ing] [the

ALJ's] inability to demonstrate moral integrity, virtue[,] and ability expected to faithfully,

impartially discharge and perform his duties to include provisions under" Title 20 of the Code of

Federal Regulations.  Pl.'s Mot. at 19.

Plaintiff points only to evidence of alleged bias in the decision-making process.  The Fourth

Circuit's precedent suggesting plaintiff must point to evidence outside the decision-making

process makes clear plaintiff's allegations do not overcome the presumption that an ALJ is

unbiased.  Even if the Fourth Circuit cases do not apply in a Social Security context, starting from

the presumption that the ALJ in this case was unbiased, I find plaintiff did not overcome that

presumption in pointing to the above language in the ALJ's decision.  *See Schweiker*, 456 U.S. at

189.  Plaintiff did not identify any conflicts of interest that would have barred the ALJ from hearing

plaintiff's claim.  *See id.* at 195.  Further, none of the above language evidences that a hostility toward plaintiff infected the ALJ's decision-making process.

In making an adverse determination against plaintiff, principles of administrative law necessarily required the ALJ to weigh the evidence in the record and explain how evidence favorable to the plaintiff did not justify a finding in his favor.  An ALJ need not employ sharp language in delivering his decision, and the ALJ in this case could have issued the same decision with more compassion and grace.  "Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display."  *Liteky*, 510 U.S. at 555-56.  Here, the ALJ reasoned through the facts to come to his conclusion that plaintiff's circumstances did not justify his failure to appear at his hearing.  That the ALJ's ultimate assessment of the facts and circumstances presented by plaintiff was unfavorable to plaintiff is insufficient to suggest bias undergirded his reasoning.

### E.  The Appeals Council did not err in handling plaintiff's complaint against the ALJ.

Plaintiff advances some arguments about the SSA's failure to follow certain HALLEX manual provisions—HALLEX I-3-2-25, HALLEX I-3-3-2, HALLEX I-1-8-7, and HALLEX I-1-8-10—after plaintiff filed a complaint against the ALJ dismissing his case.  Pl.'s Mot. at 8, 12. The Commissioner argues the review process is a matter committed to agency discretion and is thus beyond the Court's power to review.  Def.'s Mot. at 13 (citing SSR 13-1p, 2013 WL 633939, at *6 (Jan. 29, 2013)).  SSR 13-1p provides, "[The SSA's] findings or actions in the [DQS] ALJ complaint investigation process do not constitute findings on a claim for benefits under the Social Security Act.  Rather, they represent an action committed to agency discretion by law and are not subject to judicial review."  2013 WL 633939, at *6; *see Heckler v. Chaney*, 470 U.S. 821, 828-

18

38 (1985) (discussing matters committed to agency discretion by the Administrative Procedure Act ("APA"), 5 U.S.C. § 701(a)(2)); *Richardson v. Perales*, 402 U.S. 389, 408-10 (1971) (leaving undecided whether the APA generally applies to Social Security claims); *Cook v. Heckler*, 783 F.3d 1168, 1172 (4th Cir. 1986) (suggesting the APA applies to claims under the Social Security Act).  Plaintiff has not argued the review process is not a matter committed to agency discretion, as the Commissioner contends.  Def.'s Mot. at 13; *see* Pl.'s Mot.; Pl's Resp.  While review of this agency action may be inappropriate in the first instance, the record suggests that, even if review is permissible, the SSA complied with the HALLEX provisions plaintiff cites.  Therefore, in either case, remand is not warranted.

Plaintiff filed a complaint with the Division of Quality Service ("DQS") on September 7, 2019.  Pl.'s Mot. Ex. 4-5.  David Graham, Branch Chief of the DQS responded to plaintiff's DQS complaint on September 25, 2019.  Pl.'s Mot. Ex. 2.  Mr. Graham's letter set out DQS's procedure:

> Appropriate SSA officials have looked into your allegation.  Due to privacy concerns, we are unable to reveal the outcome of our review.  Please be aware that this office does not have the authority to alter an ALJ's decision.  We cannot change the outcome of your case, but we have looked into your concerns and have taken suitable action, if warranted.

*Id.*  Plaintiff argues DQS failed to document compliance with HALLEX I-1-8-10 and HALLEX I-1-8-7.  However, nothing in either HALLEX manual provision requires the SSA to provide plaintiff additional documentation of the agency's internal review process.  HALLEX I-1-8-10 primarily sets forth procedures for notifying the ALJ about the review process of the complaint against him.  It additionally addresses the close out letters the SSA sends complainants once the complaint has been processed.  As relevant here, it provides that the closeout letter will indicate that the complaint has been processed and that the SSA cannot disclose the outcome for privacy reasons.  Here, DQS's letter indicates both.

19

HALLEX I-1-8-7 sets forth substantive material DQS should include in its acknowledgement letter to a complainant.  HALLEX I-1-8-7 contains several exhibits, each of which provide language the SSA should include in its letters to claimants and each of which are appropriate in different cases, dependent upon the circumstances of a complainant's claim.  For example, Exhibit E's language is appropriate when the Appeals Council denied the complainant's request for review.  And, likely because the Appeals Council denied plaintiff's request for review in this case, the language in the letter DQS sent plaintiff is substantially similar to the language in Exhibit E.  Further, the September 25, 2019 letter DQS sent plaintiff both acknowledged and "closed out" plaintiff's claim—possibly due to the relative speed, approximately three weeks, with which DQS addressed plaintiff's complaint.  *See* Pl.'s Mot. Exs. 2, 4-5.   The documents submitted by plaintiff suggest DQS complied with the HALLEX provisions he cites.  Thus, even if the SSA was required to abide by the HALLEX manual provisions, here the evidence indicates the agency has done so.

As to plaintiff's argument that the SSA incorrectly applied HALLEX I-3-2-25 and I-3-3-2, the Court cannot find any error in the record.  Here, it seems DQS did review his complaint. The Appeals Council found no reason to revisit the ALJ's dismissal.  See Pl.'s Mot. Ex. 4-5; Tr. 1, 3.  Plaintiff seems to disagree with the outcome of his complaint rather than point to any particular evidence of error.  Accordingly, remand is not warranted.

### F.  Any error the SSA committed in compiling the administrative record is harmless.

Plaintiff argues the SSA erred in omitting evidence relevant to the merits of his claim and presenting the remainder of the transcript out of chronological order, citing HALLEX I-4-2-10(D). Pl.s' Mot. at 5.  The Commissioner argues that, considering the limited scope of review, the transcript contained all necessary and relevant portions of the record.  Def.'s Br. at 8 n.5.

Moreover, the Commissioner argues plaintiff failed to demonstrate that the SSA's presentation of the administrative record out of chronological order prejudiced him. *Id.*

As to the limitation of the record to matters relevant to the procedural ground for dismissal, I find any potential error harmless. Even if the Court required the SSA to amend the transcript by adding plaintiff's medical records and all disability-related development, the Court would not review that portion of the record. As discussed above, I confine the scope of my review to the procedural ground upon which the SSA dismissed plaintiff's request for hearing. *See Smith*, 139 S. Ct. 1779-80. Any additional material relating to the merits of plaintiff's claim would therefore be irrelevant, and thus any omission of those materials is harmless.

As to plaintiff's concerns about the organization of the transcript, I agree that the failure to present the information in chronological order rendered the record difficult to read. Further, the record contained other confusing errors. For example, the ALJ cites "Exhibit 14B," but the transcript's index contains no such exhibit. Tr. 12, index. The ALJ's description matches documents in the record, but the index indicates those documents were not exhibited. Tr. 12, 66-70. Similarly, the ALJ references a letter from plaintiff dated October 24, 2018, as "Exhibit 15B." Tr. 11. The index does not indicate the existence of "Exhibit 15B." *See* Tr. index. The letter the ALJ references, however, is contained in the record. *See* Tr. 90-93.

I thus agree with plaintiff that the administrative record's presentation caused unnecessary confusion. The Court nonetheless carefully scrutinized the record in concluding substantial evidence supported the ALJ's dismissal of plaintiff's request for hearing. The ALJ's clear identification of the substance of the relevant documents enabled the Court to track the dates and other details and thus identify the substantial evidence supporting the ALJ's findings. Any error the Commissioner committed in compiling the transcript is therefore harmless.

## VI.     Conclusion

The Court sympathizes with plaintiff, who faces significant difficulties in his daily life. Judicial review of agency decision-making, however, is inherently narrow, and the Court may not substitute its judgment for that of the SSA's. *See Hays*, 907 F.2d at 1456. Faithful application of the appropriate standards of review requires, under the facts presented here, an affirmance of the SSA's decision.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 16, is denied, and defendant's motion for summary judgment, ECF 18, is granted. The SSA's judgment is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

A separate order follows.

Date: March 31, 2021

_____/s/_____
Deborah L. Boardman
United States Magistrate Judge